2024 IL App (1st) 221952-U

SECOND DIVISION
February 13, 2024

No. 1-22-1952

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | |
|---|---|
| JERICO MATIAS CRUZ, | ) |
| | ) Petition for Review of an Order of |
|        Petitioner, | ) the Illinois Human Rights |
| | ) Commission |
|    v. | ) |
| | ) |
| ILLINOIS HUMAN RIGHTS COMMISSION, | ) |
| ILLINOIS DEPARTMENT OF HUMAN | ) Charge No. 2021 CP 2416 |
| RIGHTS, and FIFTH THIRD BANK, | ) |
| | ) |
|        Respondents. | ) |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. Commission did not abuse discretion in sustaining dismissal of charge for failure to proceed, as Department was unable to reach petitioner after multiple attempts at contact, and petitioner offered insufficient reasons for failing to respond.

¶ 2    In October 2021, petitioner Jerico Cruz filed with the Illinois Department of Human

Rights (Department) a sworn charge of discrimination against respondent Fifth Third Bank.

Petitioner alleged that Fifth Third denied him full and equal enjoyment of its facility because of

his race, national origin, status as a military veteran, and status as a citizen, in violation of section 102A of the Illinois Human Rights Act. See 775 ILCS 5/102(A) (West 2020).

¶ 3    On November 7, 2021, petitioner e-mailed the Department in response to a questionnaire and included his U.S. mail address, telephone number, and two email addresses (one a gmail account and one associated with Northeastern University), stating that the Department could contact him by telephone or by replying to the email itself.

¶ 4    On December 17, 2021, Department staff left a voicemail message for petitioner but never received a return call. On January 4, 2022, Department staff telephoned petitioner but was unable to reach him or leave a voicemail message. That same day, Department staff telephoned the contact person whose information petitioner had provided in the event that petitioner could not be reached; the call was not answered, and staff was unable to leave a voicemail. Also on that same day, Department staff mailed a letter to petitioner requesting that he call Department staff immediately. Petitioner never responded to the letter. The United States Postal Service did not return the letter as undeliverable.

¶ 5    On February 15, 2022, the Department sent another letter to petitioner, as well as to his contact person, notifying them that, if petitioner did not contact Department staff within 30 days, his charge could be dismissed for failure to proceed. Neither petitioner nor his contact person responded or contacted Department staff.

¶ 6    On April 12, 2022, the Department dismissed petitioner's charge for failure to proceed under sections 2520.430(c) and 2520.560(b) of the Department's rules. See 56 Ill. Admin. Code § 2520.430(c) ("A complainant must cooperate with the Department, provide necessary information and be available for interviews and conferences upon reasonable notice or request by

the Department."); *id*. § 2520.560(b)(2) (Department may dismiss charge based on "complainant's failure to proceed, as provided in Section 2520.430(c).").

¶ 7    Petitioner filed a Request for Review with the Illinois Human Rights Commission (Commission). Aside from restating his reasons for bringing the charge, petitioner addressed the basis for the dismissal in three substantive paragraphs:

"8. Any communication from hereon [after the initial November 7 correspondence], whether by mail or electronic mail, is not received by [petitioner] via [email address]. My secondary email [email address] is only temporaneously [*sic*] available because not a registered student at the Northeastern Illinois University. I also have problems with the United States Postal Service in which I have an ongoing Inspector General complaint that has never been communicated or resolved and such that I sometimes do not receive mails coming from the United States Department of Veterans Affairs and other sources of my personal and business mails.

9. [Petitioner] is not responding to the communication of the Department because is not receiving the actual communication coming from the Department.

10. [Petitioner] did not fail to communicate or response [*sic*] to the Department but was ignorant or not fully inform [*sic*] about the communication after November 7, 2021."

¶ 8    The Commission sustained the Department's dismissal. The Commission noted that, when petitioner provided his initial contact information for U.S. mail address and telephone, he never indicated any problems with them. The Commission also reasoned that, though petitioner complained of his problems receiving U.S. mail, he "does not state that he had any issues receiving phone calls, or that his contact person had any issues receiving phone calls or mail. Further, he does not explain why he did not return the phone calls to himself or his contact

person." Thus, the Commission ruled, petitioner "has not presented sufficient evidence to show that the Respondent's dismissal of the charge was not in accordance with the Act."

¶ 9     This appeal followed.

¶ 10     On appeal, we review the Commission's decision, not that of the Department. *Spencer v. Illinois Human Rights Comm'n*, 2021 IL App (1st) 170026, ¶ 31. The Commission's findings of fact are reviewed for manifest error; we will not overturn those findings unless the opposite conclusion is clearly evident. *Id.* The ultimate decision of the Commission is reviewed for an abuse of discretion. *Id.* ¶ 32. The Commission abuses its discretion when no reasonable person would adopt the position of the Commission. *Young v. Illinois Human Rights Commission*, 2012 IL App (1st) 112204, ¶ 33.

¶ 11     Petitioner raises several issues but fails to provide anything beyond conclusory statements without support in the record and without a single citation to case law. For example, he writes that the Commission erred in failing to "properly investigate" his complaint, in dismissing the action even though "no fact-finding conference has occurred during the investigation," and in failing "to compel all necessary records during the investigation." These statements miss the point of the dismissal—that petitioner's failure to cooperate precluded the Department from initiating even a cursory investigation, much less a full one.

¶ 12     Likewise, petitioner argues in conclusory fashion that his "request for review includes all necessary and sufficient documents to properly review the material facts," but again, it is obvious that the Department would require, at a bare minimum, an interview with petitioner before moving forward to a full hearing.

¶ 13     Finally, petitioner writes that he is "is cognizant and aware of the administrative procedure of" the Department, as he has "previously filed an employment discrimination against

State of Illinois Department of Central Management Services and State of Illinois Department of State Police." It is unclear how that aids his position; if anything, it demonstrates why petitioner should have already been aware of his requirement to cooperate with the Department.

¶ 14     The Commission found that petitioner failed to proceed with the investigation. We have no grounds to say that the opposite conclusion is clearly evident. The Commission makes the salient points that petitioner never indicated, in providing his initial information, that contact by U.S. mail or telephone would be unreliable. And his excuse for not responding only pertained to the U.S. mail at his address, not to telephone calls placed to his number, much less U.S. mail and telephone calls to his backup contact.

¶ 15     With that finding, it was more than reasonable for the Commission to sustain the dismissal of the charge. We have no basis for finding an abuse of discretion. We uphold the Commission's final decision sustaining the dismissal.

¶ 16     The final decision of the Commission is affirmed.

¶ 17     Affirmed.